THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JaMauris Johnson,

    Plaintiff,

v.

Phoenix Exteriors Inc..,

    Defendant.

20-CV - 2135
Judge
Magistrate

**Plaintiff Demands Trial By Jury**

## COMPLAINT

NOW COMES Plaintiff, JaMauris Johnson, ("Johnson" and/or "PLAINTIFF"), complaining against Defendant, Phoenix Exteriors Inc., ("Phoenix" and/or "DEFENDANT"), and in so doing states as follows:

### NATURE OF THE CASE

1. In this Complaint, Plaintiff JaMauris Johnson seeks redress for Defendant's discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and failure to pay due wages pursuant to the Illinois Wage Payment and Collection Act (IWPCA).

### PROCEDURAL REQUIREMENTS

2. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

3. Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on alleging violations of Title VII.

4. The commission issued a "Notice of Right to Sue ".

5. Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the *Notice of Right to Sue.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. §1331 and §1343.

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

8. Plaintiff is an African-American male that resides in Illinois, within the Northern District of Illinois.

9. Defendant Phoenix is a corporation engaged in business and with offices in this Judicial District.

10. Defendant is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

## FACTS UPON WHICH CLAIMS ARE BASED

11. Plaintiff was an employee of Defendant pursuant to Title VII and the IWPCA beginning in January of 2019.

12. Defendant is an employer as defined by Title VII and the IWPCA.

13. Defendant does business in Illinois.

14. At all relevant times, Plaintiff performed his job responsibilities in a manner that met and or exceeded Defendant's legitimate expectations.

15. On a continuing, ongoing and escalating basis Plaintiff was subjected to repeated remarks, and discriminatory, differential and unfair treatment because of his race.

16. On an ongoing basis, Defendant subjected Plaintiff to race discrimination including as follows:

   a. Not being provided a rental car while in Texas on business of Defendant while other similarly situated persons of other races were provided reimbursement for rental cars.

   b. Not receiving tools and equipment to allow Plaintiff to do his job effectively and efficiently while other similarly situated persons of other races were provided tools and equipment.

   c. Not being reimbursed for mileage while other similarly situated persons of other races were reimbursement.

   d. Not being reimbursed for purchase of tools while other similarly situated persons of other races were reimbursed.

   e. Being required to engage in grueling and arduous door-to-door canvasing for five months, while persons of other races were required to engage in door to door work for far less time.

   f. Not receiving perks and incentives when Plaintiff was the highest salesperson that were received by other persons of other races when they were the highest salesperson.

    g. Not receiving ANY salary or ANY wages for the last three months of employment, while persons of other races were not removed from being paid wages.

    h. Plaintiff asked for training and help that was denied, but given to other employees of other races.

17. Plaintiff was also spoken to and about in racist and degrading manner, being called an "fucking idiot" "bitch".

18. Plaintiff was told "Wasn't going to hire this", meaning African-American.

19. Plaintiff name was used in a racist manner, calling Plaintiff "DeMarcus" and "Tamarous".

20. The employees of the Defendant laughed at the Plaintiff when these racist and demeaning words were used.

21. Plaintiff was an employee of Respondent for 11 months working as a Project Manager at the end of his employment.

22. Plaintiff is a highly qualified, competent, and dedicated employee that was discriminated against on the basis of his race.

23. Respondent intended to discriminate against Complainant on the basis of his race and permitted, ratified, encouraged, allowed, and otherwise created a severe and pervasive, unwelcome, offensive, and discriminatory working environment.

24. The unwelcome discrimination affected and concerned the terms, conditions and responsibilities of Complainant's employment with Respondent.

    20. Plaintiff reported/complained about the discrimination to Defendant's supervisory personnel.

21. After Plaintiff reported the discrimination, Defendant took no action to investigate, remedy, stop, alleviate, or otherwise address the discrimination rather terminated the Plaintiff's employment.

23. Defendant contributed to, ratified, condoned, accepted, and failed to remedy discrimination, by and through its agents, supervisors and employees, condoned or knew or should have known of the alterations in the terms and conditions of Plaintiff's employment via the aforementioned adverse actions, comments and innuendo of its employees, and failed to take any appropriate remedial measures, despite complaints and reports by Plaintiff.

24. The actions of Defendant in intentionally engaging in and condoning discrimination against Plaintiff has caused Plaintiff mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

25. Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief.

26. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

## COUNT I

### Race Discrimination and Retaliation under Title VII

27. Plaintiff incorporates and realleges all paragraphs found in the Complaint as if fully set forth herein against Defendant.

28. At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was his "employer" covered by and within the meaning of Title VII.

29. At all times relevant to this cause of action Defendant's human resources personnel and supervisory employees were all "agents" of Defendant covered by and within the meaning of Title VII.

30. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his race, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

31. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on his race and Defendant had a duty under Title VII to prevent race discrimination.

32. Plaintiff has a federally protected right to work in a workplace that is free from race discrimination.

33. Plaintiff reported discrimination to management and supervisory employees of Defendant.

34. Despite knowledge of the discrimination, reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and harassment rather committed retaliation against Plaintiff for his complaints.

35. Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

36. The discriminatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

37. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

**WHEREFORE**, Plaintiff respectfully requests:

    a. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

    b. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

    c. Defendant be required to pay prejudgment interest to Plaintiff on these damages;

    d. A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

    e. A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

    f. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

  g. Punitive damages as a result of Defendant's deliberate, intentional, willful, wanton and malicious conduct;

  h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

  i. Such other relief as the Court may deem just or equitable.

## COUNT II

### VIOLATIONS OF THE Illinois WAGE PAYMENT AND COLLECTION ACT

38. Plaintiff incorporates and realleges all paragraphs found in the Complaint as if fully set forth herein against Defendant

39. Plaintiff was partly compensated for his work for Defendant via payment of commissions.

40. The Plaintiff and Defendant entered into an IWPCA agreement that Plaintiff would receive a percentage on all sales.

41. The conditions for payment required the sales be paid in full and closed.

42. The IWPCA Agreement did not require, or even mention, that Plaintiff had to be employed to receive the commissions.

43. Defendant's added a term, after the Plaintiff had earned commissions, claiming that current employment was a condition of receiving commissions.

44. Defendant added that term to deny Plaintiff his earned commissions.

45. Further Plaintiff makes a claim for commissions under the Procuring-cause rule.

46. Under the procuring-cause rule, it is established that Plaintiff is entitled to commissions after the termination of employment because Plaintiff procured the sales through his activities.

8

47. Further Plaintiff claims commissions for sales completed upon his termination, for example Plaintiff handed in a sales check for $14,000.00 before his termination, and Plaintiff did not receive any payment of commissions based on the payment.

48. On the very day Plaintiff was terminated Plaintiff handed in a sales check for $28,000.00, for which Plaintiff should have received a 10% commission, or a payment of $2,800.00 for which Plaintiff received nothing.

49. Plaintiff further had earned 6.5 days of paid vacation that Defendants did not payout upon his termination.

WHEREFORE, Plaintiff prays for the following relief:

 A. Unpaid wages pursuant to the IWPCA and other state wage laws;

 B. Compensation originating from DEFENDANTS company policies, contractual obligations and or IWPCA Agreements;

 C. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

 D. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

 E. Attorneys' fees and costs of this action in accordance with the IWPCA; and

 F. Consequential damages;

 G. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month due under the IWPCA for the delay in payment of due wages;

      H.      and costs of this action; and

      I.      Such other relief as this Court shall deem just and proper

Respectfully submitted,

By: _____/S/ John C. Ireland __

Attorney for Plaintiff

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Atty4employees@aol.com
Attorney Number 6283137


Dated 4/3/20