UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMAURIS JOHNSON, | |
| Plaintiff, | No. 20 C 2135 |
| v. | Judge Thomas M. Durkin |
| PHOENIX EXTERIORS INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

JaMauris Johnson alleges that his former employer, Phoenix Exteriors Inc., harassed and discriminated and retaliated against him based on his race in violation of Title VII, and failed to pay him certain compensation in violation of the Illinois Wage Payment and Collection Act. Phoenix has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). R. 18; R. 19. Both motions are denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Johnson is Black. He began working for Phoenix in January 2019. Phoenix is a construction services company. The most difficult part of Johnson's job involved door-to-door sales. He alleges that Phoenix required him to engage in door-to-door sales for longer periods of time than white employees. He also alleges that Phoenix did not provide him with a car on business trips or reimburse him for "tools," as it did for white employees.

In addition to being deprived of professional benefits, Johnson alleges that his co-workers spoke to and about him in a racist and degrading manner. He says foul language and names were directed towards him. He says that his name was degraded in a racist manner. He says other employees laughed during these incidents.

2

Johnson alleges that he complained to Phoenix supervisors about discriminatory working conditions, and that he was fired shortly thereafter. He also alleges that after he was fired, he was not paid commissions on sales he made before he was fired.

Johnson alleges he filed a complaint with the EEOC and that he filed this case within 90 days of receiving the right-to-sue letter. *See* R. 1 ¶¶ 3-5.[1] Johnson claims that he was subjected to a hostile work environment before he was fired. He also claims that his termination was discriminatory and retaliatory.[2] He claims that Phoenix's failure to pay him commissions after he was fired violated the Illinois Wage Payment and Collection Act.

## Analysis

### I. Hostile Work Environment

To state a claim for a hostile work environment, "a plaintiff must allege (1) [he] was subject to unwelcome harassment; (2) the harassment was based on [his race]; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is

---

[1] Johnson did not attach his EEOC charge or the right-to-sue letter to his complaint. Phoenix argues that it cannot know whether Johnson has administratively exhausted without examining those documents. *See* R. 18 at 2-3. But Johnson is not required to attach the documents to state a claim. *See Tapia v. City of Chicago*, 2019 WL 3716915, at *5 (N.D. Ill. Aug. 7, 2019) (citing *Krause v. Turnberry Country Club*, 571 F. Supp. 2d 851, 859 (N.D. Ill. 2008); *Raymond v. City of Chicago*, 183 F. Supp. 2d 1060, 1066 n.3 (N.D. Ill. 2002)). Phoenix can take discovery on whether Johnson administratively exhausted his claims and the Court can decide the issue on summary judgment if necessary.

[2] Phoenix argues that "Johnson does not make clear his theory or theories as to Phoenix's liability under Title VII." R. 18 at 3. This order serves as clarification.

basis for employer liability." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833-34 (7th Cir. 2015). "To rise to the level of a hostile work environment, conduct must be sufficiently severe or persuasive to alter the conditions of employment such that it creates an *abusive* relationship." *Id.* (emphasis original).

"Harassment" is "intimidation, ridicule, and insult," and the like. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). Johnson alleges that he was called names, subjected to foul language, and laughed at. These are forms of ridicule and insult, and thus harassment. Whether this harassment was sufficiently severe or pervasive to constitute a hostile work environment is a question of fact that requires discovery. *See Huri*, 804 F.3d at 834.

Phoenix argues that the comments allegedly directed towards Johnson "might have been discourteous or rude, but [they] did not, in any way, connote race discrimination." R. 20 at 10. This argument ignores the fact that Johnson is Black. The comments are plausibly related to his race for that reason. Whether the comments are merely rude or rise to the level of a hostile work environment depends on what discovery reveals about their severity or pervasiveness.

Therefore, Phoenix's motion to dismiss Johnson's hostile work environment claim is denied.

## II.   Discrimination

To state a claim for discrimination in the employment context, a plaintiff need only identify: (1) "the type of discrimination," (i.e., race, sex, age, etc.); (2) the person responsible; and (3) when it occurred. *See Swanson v. Citibank, N.A.*, 614 F.3d 400,

4

405 (7th Cir. 2010). Because intent can be alleged generally, specific allegations of discriminatory intent are not required, and the plaintiff need "allege only that the employer instituted a specific adverse employment action against him based on his [race]." *Phillips v. Baxter*, 768 F. App'x 555, 559 (7th Cir. 2019) (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013)).

Here, Johnson is Black and he alleges he was fired by Phoenix because of his race. That is all he needs to allege to state a claim for race discrimination. This is not to say that Johnson has *proven* his claims by any means. He will eventually need to show that Phoenix acted with discriminatory intent. But the Seventh Circuit has explained that such a showing is not required at the pleading stage. For now, Johnson has sufficiently alleged that he is a member of a protected class, that he suffered an adverse employment action because of his membership in that class, and that Phoenix was responsible for that action. *See Swanson*, 614 F.3d at 404-05. Therefore, his claim of discriminatory termination will proceed to discovery.[3]

### III. Illinois Wage Payment and Collection Act ("IWPCA")

The IWPCA permits employees to sue for compensation they are owed by an employer "pursuant to an employment contract or agreement." 820 ILCS 115/2. A "contract is not necessary under the [IWPCA]." *Landers-Scelfo v. Corp. Office Sys., Inc.*, 827 N.E.2d 1051, 1059 (Ill. App. Ct. 2d Dist. 2005). Indeed, "a worker seeking to

---

[3] Johnson also makes a claim for retaliation, *see* R. 1 at 5 (Count I), but Phoenix does not address it.

recover under [the IWPCA] does not need to plead all contract elements if [he] can plead facts showing mutual assent to terms that support the recovery." *Id.*; *see also Hess v. Kanoski & Assocs.*, 668 F.3d 446, 452 (7th Cir. 2012) ("Illinois courts have explained that an agreement under the IWPCA is broader than a contract."). However, "the IWPCA provides no substantive relief beyond what the underlying employment contract requires." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 570 (7th Cir. 2016).

Johnson alleges that his "agreement" with Phoenix was that he would receive commissions for "all sales" he made, and that continued employment was not required for payment of the commissions. He then alleges that Phoenix failed to pay him commissions that were pending at the time he was fired. This is sufficient to state a claim under the IWPCA.

Phoenix argues that Johnson "does not sufficiently identify the employment contract or employment agreement upon which he bases [his IWPCA claim]." R. 18 at 4. But as discussed, Johnson alleges the terms of an agreement and that they were violated. Phoenix can take discovery about how the agreement was memorialized.

Johnson mentions "the procuring cause rule" in his complaint. "Under the Illinois procuring cause rule, brokers are not entitled to a commission unless they can show that they actually sold the property in question, were instrumental in bringing about the sale or procured a purchaser who was willing and able to purchase on the stipulated terms." *AA Sales & Assocs., Inc. v. Coni-Seal, Inc.*, 550 F.3d 605, 610 (7th

6

Cir. 2008). "However, the procuring cause rule is merely a default rule and is inapplicable when a contract specifies other bases of fee recovery." *Id.*

Phoenix argues that Johnson's "allegations make it clear that a contract governed his compensation [so] the procuring cause rule not apply." R. 20 at 12. But Johnson alleges that an "agreement" entitles him to the commissions. The agreement plausibly could be a written contract that provides for payment of the commissions, or it could be a more informal agreement to which the "procuring cause rule" applies. Either way, Johnson has stated a claim that he is entitled to the commissions.

Phoenix also argues that its alleged past practice of paying commissions is not enough to support an IWPCA claim. *See* R. 20 at 12-23. The cases Phoenix cites in support of this argument were decided on summary judgment and found that past practice alone was insufficient to establish liability under the IWPCA. These cases are therefore inapposite. Regardless of whether evidence of past practice is sufficient to prove an IWPCA claim, it is sufficient to plausibly allege an agreement existed and thus to state a claim under the IWPCA.

## Conclusion

Therefore, Defendants' motion to dismiss [19] is denied. So is Defendants' motion for a more definite statement [18]. The information Defendants seek in their motion for a more definite statement is certainly relevant, but it is not necessary to state a claim and is easily learned with minimal discovery.

A status hearing is set for December 18, 2020 at 9 a.m. Prior to the status hearing, the parties should meet and confer regarding a discovery schedule.

7

Lastly, the Court notes that some of the rhetoric in the briefs was over-the-top and mean-spirited. Both counsel should tone it down a bit.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 9, 2020